## Case No. 12,837.

### SICKELS v. TILESTON.

[4 Blatchf. 109.] [1]

Circuit Court, S. D. New York. Oct. 13, 1857.

PATENTS—STEAM CUT-OFF—PRELIMINARY INJUNCTION—PUBLIC CONVENIENCE.

1. Where the patentee of an improvement in a cut-off for a steam-engine had established his patent on a trial at law, and obtained an injunction against a particular apparatus used on a steam-vessel, this court granted a preliminary injunction against a like apparatus used on another steam-vessel, although it was claimed that such apparatus had been patented and was adopted in good faith.

2. Where the rights of the plaintiff are manifest, and the violation of them by the defendant is clear, the consideration of either public or private convenience should have little weight.

[Cited in Hodge v. Hudson River R. Co., Case No. 6,560.]

[This was a bill in equity by William B. Sickels against Thomas Tileston.]

Application for a provisional injunction. The bill alleged that Frederick E. Sickels was the original and first inventor of an "improvement in the mode of tripping cut-off valves," for which letters patent [No. 4,199] were granted to him on the 19th September, 1845; that he, on the 5th of August, 1848, assigned the same to the plaintiff; that the plaintiff, on the 9th of July, 1855, brought an action of law, in this court, against William Borden, agent of the Bay State Steamboat Company, for the unauthorized use of the invention on a steamboat called the Metropolis, which contained an improvement in the mode of tripping cut-off valves, known as "Allen and Wells' adjustable cut-off;" that the defendant in that suit pleaded the general issue and gave notice of the want of novelty; that the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

issue came to trial at the October term of this court, in 1856; that Horatio Allen was a witness in said action at law, for the defendant; that the jury gave a verdict for the plaintiff, and assessed, as his damages, $750, for sixty days' use of the improvement on the Metropolis; that, afterwards, this court, upon that verdict, granted an injunction, restraining the use of the cut-off on the Metropolis; that the defendant, on board of the steamer Nashville, running from New York to Charleston, was now using a cut-off similar to that used on the Metropolis, and substantially similar to the patented improvement, without the license or permission of the plaintiff; and that the defendant refused to pay the plaintiff for the use thereof, or to desist from using it. [Case No. 12,832.]

Edward N. Dickerson, for plaintiff.
Francis B. Cutting, for defendant.

INGERSOLL, District Judge. It is not denied by the defendant that Frederick E. Sickels was the original discoverer of the improvement described in his patent; or that he is entitled to that which the patent purports to grant to him; or that he has assigned the patent to the plaintiff. The action at law, the verdict of the jury and the injunction granted against the Metropolis, are admitted by the defendant, as stated in the bill. It is admitted also by him that the cut-off improvement used by him on board of the Nashville is like that used on board of the Metropolis; and that they are both what are usually called "Allen and Wells' adjustable cut-off." Upon this state of facts, therefore, it would follow, (there being nothing else in the case,) that if the use of the cut-off on board of the Metropolis was a violation of the plaintiff's rights, which required for their protection the interposition of the court, by way of injunction, the use of the same kind of cut-off on board of the Nashville was a violation of the plaintiff's rights, requiring the same kind of interposition.

But the defendant says, that he is advised by his counsel, that the cut-off he is using is not any infringement upon the patent, and that he intends to defend this suit, and expects to establish, by the decision of this court, that the cut-off now on the Nashville is no infringement of the patent. As this court has, in the case of the Metropolis, upon full investigation, solemnly decided that the cut-off used on board of that boat was an infringement of the patent, and, as it is admitted that the cut-off used on board of the Nashville is like the cut-off used on board of the Metropolis, this court has already decided that the cut-off now on board of the Nashville is an infringement of the patent.

The defendant says, that prior to 1853, when the cut-off used in the Nashville was put on board of her, it had been patented to Allen and Wells. But, whether it was patented to Allen and Wells or not, this court has already decided, that cut-offs made like

it are a violation of the rights patented to Sickels; and no subsequent patent can take away rights secured by a prior patent. The defendant further says, that when he adopted the cut-off of Allen and Wells for the Nashville, he adopted it in good faith; and that he had no idea that he was violating any of the rights secured by the Sickels patent. If the determination of this court, as to the injunction already granted, was correct, he now knows that the use of the Allen and Wells cut-off on board of the Nashville is a violation of the rights secured by the Sickels patent. The bill charges, that the defendant, while using, in the Nashville, a cut-off like that used on board of the Metropolis, refuses to pay the plaintiff anything for the use thereof, or to desist from using it; and these charges in the bill are not denied. They are, therefore, admitted. After the decision of this court in the case of the Metropolis, the defendant must, upon the facts presented in this case, do one of these two things—he must either pay the plaintiff for the use of the cut-off, or desist from using it. If he is not willing to pay, he must not use. There is no more reason why an injunction should not issue against the Nashville, than there was why one should not issue against the Metropolis. The cut-offs used in both are the same. If one is a violation of the plaintiff's patent, the other is. Both boats are engaged in the same kind of business—one in carrying freight and passengers to Fall River; the other in the same kind of business between New York and Charleston. The same legal discretion should be used in the one case as in the other; and the consideration of public or private inconvenience should not operate more in the one case than in the other. The rights of the plaintiff are manifest. By the decision of this court in the case of the Metropolis, and the facts admitted in this case, the violation of right on the part of the defendant is clear. He refuses to make any compensation for such violation, and insists upon doing, without making compensation therefor, that which has been adjudged to be a violation. In such a case, the consideration of either public or private convenience should have little weight. The law, so far as this court is concerned, was settled in the case of the Metropolis. In that case, the conscience of the court was satisfied that the Allen and Wells cut-off was a violation of the plaintiff's rights. The defendant admits the validity of the Sickels patent; and does not, in his answer to the plaintiff's application, intimate that he has it in his power to bring forward any new fact which was not brought forward in the Borden Case, and in the case of the Metropolis, to show that the Allen and Wells cut-off is not an infringement of the rights secured by the Sickels patent.

The result is, that a preliminary injunction must issue, as prayed for.

[For other cases involving this patent. see note to Sickels v. Mitchell, Case No. 12,835.]